IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GARY M. BRADLEY, et. al., ) | CIVIL ACTION NO. |
| ) | |
| Defendants and Third- ) | 01-AR-2027-S |
| Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JEROME HALEY, ) | |
| ) | |
| Third-Party Defendant. ) | |

### **MEMORANDUM OPINION**

Before this court is the motion for summary judgment by plaintiff, Progressive Specialty Insurance Company ("Progressive"), against defendants, Gary M. Bradley ("Gary") and Marcus Clay Bradley ("Clay"). Progressive seeks a declaration that its policy of insurance ostensibly covering Gary is rescinded and that it is not liable for claims arising out of an automobile accident that occurred while Clay was driving Gary's car. Jerome Haley ("Haley"), the third-party defendant and Gary's insurance agent, has not expressed himself on the present motion but has been encouraged by this court to file a motion to dismiss the third-party complaint.



**Undisputed Facts**

After arranging for insurance coverage over the telephone, Gary went to Haley's office on February 16, 2000, met with Haley's employee, Gina Watkins ("Watkins"), and completed an insurance application. The application specifically asked for a listing of all persons who resided in the would-be insured's household and who were over fifteen years of age. Even though Clay, Gary's son, resided in the household and was over fifteen, Gary did not list him. The application later redundantly asked, in a separate question, whether all residents age fifteen and over have been disclosed. The box was checked "yes" and Gary initialed the section that emphasized this mis-information. Gary explains that he did not disclose Clay's status because of a belief that Clay was covered under Gary's father's ("Grandpa's") insurance on a truck Grandpa had given Clay, and that Clay would never drive any vehicle other than the truck. Both of these beliefs, if actually held by Gary, proved wrong.

By May 3, 2001, Clay had turned sixteen and was licensed to drive by the state of Alabama. On this day, while driving a friend in Gary's ostensibly insured Honda Accord, Clay was involved in an automobile accident in which Clay, and the driver of the other car were injured. The friend was killed.

The separate insurance policy that Gary erroneously believed covered Clay, and which had been issued by a company other than

Progressive, expired on May 18. At that time, Gary expressly placed Clay under the Progressive policy, and the premium accordingly was increased by $126.12 per month.

## Analysis

Progressive argues that because Gary misrepresented a material fact, Progressive is entitled to rescind its purported coverage of Gary. Progressive has paid over to the Clerk all premiums that it received from Gary. Progressive alternatively argues that, if there was a policy, Clay was never on it. For these reasons, Progressive says that it is not liable, and has neither a duty to defend nor an obligation to pay any monetary judgment entered against Clay and/or Gary on claims springing from the accident that occurred on May 3. Gary argues nothing in response. He simply ignores Progressive's motion for summary judgment. Nevertheless, in his third-party complaint, and in that portion of Gary's deposition before the court, Gary makes what might be construed as arguments for holding Progressive liable.

Gary's first possible argument is that because Gary was covered under Progressive's insurance, and because Clay drove the Honda Accord with Gary's permission, Clay is covered. (Gary Depo. at 29). The second, which is not so much argued in the complaint as picked up by this court by inference from certain

allegations of the third-party complaint, is that because Haley was a "close personal friend and had personal knowledge of Gary's family" Haley knew that Gary had a fifteen year old son and thus Gary was insured by some sort of estoppel. (Third-Party Compl. ¶ 4). The court will examine each implied argument in turn, only because a summary judgment motion entitles the non-movant to all inferences in his favor.

When Gary completed the application, he admittedly failed to disclose a fact for which Progressive had unequivocally asked, and for which Progressive went so far as to demand re-confirmation. Under the terms of the insurance contract, it is void *ab initio* if the applicant withholds material information. The information here sought and not truthfully furnished was clearly material. As the uncontested affidavit of Larry Lackey shows, Progressive relied on this piece of highly germane information to determine its risk, and to calculate the premiums it charged to cover that risk. Because this was a material breach, Progressive is entitled to rescind the policy. It has dutifully tendered the return of the premium.

This court, by separate order, will declare the policy void from its inception. For this reason, Gary was not covered under the policy on May 3, 2001. Therefore, even if Gary could bestow coverage upon Clay merely by granting Clay permission to drive Gary's car, which Gary could not do, he had no coverage to

4

bestow.

Gary's second argument is that Haley knew that Gary had a son aged fifteen. Presumably, this is supposed to mean that Haley, and his principal, Progressive, are estopped from denying that they knew of Clay and of his age, despite the statement to the contrary on the application. Without reaching the question of whether such knowledge would affect the outcome of this case, the court notes that Gary has presented no evidence whatsoever to indicate that Haley actually had this knowledge. This argument, if asserted, fails as illusory.

By separate order, this court, when it enters a final judgment disposing of the third-party complaint, together with the whole case, will grant Progressive's motion for summary judgment and will declare that Progressive's policy of insurance on Gary is void.

As noted, this ruling does not dispose of the strange third-party action brought by Gary and Clay against Haley. Rule 14(a) F.R. Civ. P, allows a third-party action against an entity "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

What claim Progressive may have against Gary and Clay for which Haley could be liable as indemnitor is a deep mystery.

DONE this 12th day of March, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE